FILED

2011 Nov-30  PM 05:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **LAWRENCE JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:11-CV-855-VEH** |
| | ) | |
| **CITY OF BIRMINGHAM, a** | ) | |
| **municipal corporation, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OPINION AND ORDER

### I.    Introduction

This civil rights action was removed to this court on March 2, 2011.  (Doc. 1).

Pending before the court is Plaintiff's Motion for Extension of Discovery Deadline

(Doc. 22) (the "Motion") filed on November 21, 2011.   The Motion seeks an

extension of the November 21, 2011, discovery completion deadline (Doc. 10 at 1 ¶

I.A) for the purposes of conducting depositions.  (Doc. 22 at 1 ¶ 5 ("That Plaintiff

attempted to set depositions before the Discovery Deadline but ha[s] been unable to

find a date agreeable to both parties.")).  Defendants filed their opposition to the

Motion (Doc. 23) on November 21, 2011.  On November 23, 2011, Plaintiff filed his

reply.  (Doc. 26).

The court held a hearing on the Motion on November 30, 2011.  For the reasons stated herein as well as in open court during the hearing, the Motion is **GRANTED** as modified herein.

## II.    Standard

Plaintiff's Motion seeks a modification of the discovery completion deadline contained in the scheduling order entered on April 21, 2011.  (Doc. 10).  As explained below, Plaintiff's burden to support the relief sought in this Motion is significant.

Scheduling orders are governed by Rule 16 of the Federal Rules of Civil Procedure and "may be modified only 'upon a showing of good cause.'  This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citation omitted); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also Sosa*, 133 F.3d at 1419 (explaining that a disregard of the good cause requirement "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure"); *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (agreeing with analysis in *Sosa* in that "Rule 16(a)'s good cause standard 'precludes modification [of the scheduling order] unless the schedule cannot be met despite the

2

diligence of the party seeking the extension.'"); *Oravec*, 527 F.3d at 1232 ("If [a] party was not diligent, the [good cause] inquiry should end." (internal quotation marks omitted) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992))).

## III.  Analysis

As clarified during the hearing, Plaintiff seeks to extend the discovery period for the limited purpose of taking the deposition of Captain Jamal McCaskey ("Captain McCaskey") and securing all the records that are responsive to Exhibit A, attached to the deposition notice.  (Doc. 22-1 at 1-4).  Plaintiff's need for this discovery relates to his efforts to more specifically identify Defendant Officer Jackson, the alleged bad actor in this lawsuit.  As represented to the court, Plaintiff did not realize that there was an identification issue regarding Officer Jackson until counsel for Defendants, Fredric L. Fullerton, II, ("Mr. Fulton") filed a Motion To Withdraw for "Officer Jackson" and To Correct Court Record (Doc. 24) on November 22, 2011, one day after the discovery period had closed.

After hearing at length from the parties about the events leading up to the pending discovery dispute, the court concludes that both sides are to blame for the current set of circumstances.  More specifically, Plaintiff's counsel did not follow through with Defendants generally and did not adhere to applicable deadlines

3

imposed by the court.  At the same time, Defendants have contributed to the situation by failing to have mail redirected internally within the City of Birmingham's Legal Department when Defendants' representation by prior counsel, Ted I. Smith and Jacinda Anderson, was terminated by the court on May 12, 2011 (Docs. 16, 17), and also by Mr. Fullerton's entering an overly broad appearance on May 11, 2011, "as co-counsel representing the named Defendants in the above-styled case." (Doc. 15 at 1).

In light of the foregoing, Plaintiff's Motion is **GRANTED** as modified herein and the discovery period is **HEREBY EXTENDED** until **January 4, 2012**, in order for Plaintiff to take the deposition of Captain McCaskey and to obtain any records that are responsive to Exhibit A.  The deposition will take place on January 4, 2012, beginning at 9:00 a.m. at the law offices of Crew & Howell, P.C., 2001 Park Place North, Suite 550, Birmingham, AL 35203, and will not last longer than seven hours. Further, Captain McCaskey is **ORDERED** to bring with him to the deposition any records which are in his possession, custody, or control, that are responsive to Exhibit A.

Additionally, the dispositive motion deadline is **HEREBY EXTENDED** for 30 days after the deposition of Captain McCaskey has taken place.

## IV.    Conclusion

Accordingly, the Motion is **GRANTED** as modified herein, and the scheduling

4

order (Doc. 10) entered on April 21, 2011, is **HEREBY AMENDED** in the limited respects set forth above.

      **DONE** and **ORDERED** this the 30th day of November, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge